UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


LARRY COFFMAN,                      )
                                    )
              Plaintiff,            )
                                    )
         v.                         )         No. 4:07-CV-398-AGF
                                    )
ALAN BLAKE, et al.,                 )
                                    )
              Defendants.           )


## ORDER AND MEMORANDUM

        This matter is before the Court upon the application of
Larry Coffman for leave to commence this action without payment of
the required filing fee.  See 28 U.S.C. § 1915(a).  Upon
consideration of the financial information provided with the
application, the Court finds that plaintiff is financially unable
to pay any portion of the filing fee.  Therefore, plaintiff will be
granted leave to proceed in forma pauperis pursuant to 28 U.S.C. §
1915(a).  In addition, having carefully reviewed the file, the
Court finds that the complaint, which includes a document titled
"Second Amended Complaint," is legally frivolous and will be
dismissed.

## 28 U.S.C. § 1915(e)

        Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may
dismiss a complaint filed in forma pauperis at any time if the

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief in this action against MSOTC employees Alan Blake, Jon Rosenboom, Janine Semar, and Linda Easton. Plaintiff is challenging the

constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513, under which he is involuntarily confined.[1]

## Discussion

A favorable ruling on plaintiff's claim that Missouri's SVPA is unconstitutional would necessarily imply the invalidity of plaintiff's current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this case as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may

---

[1]Missouri's Sexually Violent Predators Act authorizes the civil commitment of persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. See Mo. Rev. Stat. 632.480, et seq.

effectively present his claim to the state courts by any currently available and adequate procedure.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 3rd day of April, 2007.

_____
**UNITED STATES DISTRICT JUDGE**